Thank you, Your Honor. Mr. Grams, welcome. In this case, the case is being prosecuted on behalf of Mr. Rino's estate. He passed away in the process of the litigation. The issue, Your Honor, as we see it, and to focus it more particularly, is whether or not the district court overlooked applying the strictures of the USERRA requirements. In particular, it's our position that in deciding the judgment on the pleadings, the judgment as a matter of law at the trial level, the court overlooked applying the statutory requirements of just cause as is defined under USERRA requirements. Akal removed Mr. Marino from his employment on the basis that its agreement, its contractual agreement with the U.S. Marshals Service required his removal once the Marshals Service determined to remove his credentials as a CSO. The Marshals Service is not a party to this action, right? That is correct, Your Honor. Your client was a Master Sergeant in the Army Reserve, so he was working for this Akal Security Company, just like the court security officers here in this building. That's what he was. That's correct. But he was downtown in the main courthouse there on Spring Street, and so he drank two near beers, 0.5% alcohol. I didn't even know they still had near beer, but they do. And he was warned not to do that because he had a smell of alcohol on his breath, and that would be bad PR. And then he was called to active duty as a Master First Sergeant in the Army, and he came back to work after about six months. And he drank, after that he drank, I think at least one, maybe two near beers. And it was on that basis that this was reported to the Marshals Service, and the Chief Deputy Marshal said, well, we don't want him anymore. And once that was said, then Akal Security, under the contract, was required to fire him. Have you read the contract between Akal and the Marshals Service? I have, Your Honor, in detail. One other factor I want you to consider is the fact that the Marshals physically withdrew his credentials. Is that not right? That is correct, Your Honor. Akal Excel did not recommend his credentials be withdrawn, right? Akal did not. And that's who you're suing, and you're not suing the Marshals Service. You've made no claim against the U.S. government. That is correct. Okay. And you still think you should recover? Yes, Your Honor, because... On what basis? Well, the employer in this case is Akal. And in essence, in the entry of its contract with the U.S. Marshals Service, with respect to whether or not it would continue the employment of the CSO, it essentially subcontracted, if you will, or conceded the review and that decision as to the terms and conditions of determination to the Marshals Service. No, but the condition of employment was that he had the credential, and he didn't. So Akal couldn't employ him at all, under any circumstances. I think the issue, Your Honor, goes to whether or not, with respect to Lucera, there was just cause and he was provided an opportunity, that is, due process, to challenge that decision. Well, who should have given him the... Who should have considered the due cause? We believe, Your Honor, that Akal could not have ignored his responsibility under the federal statute. It refused and, in fact, stated that he was not entitled to grieve or in any way challenge their decision to agree with the decision of the marshals. So Akal reported him to the chief deputy marshal. In the second instance. In the first instance, it's really unclear, but we won't dispute... Well, he did in the first instance, and I thought he did in the second instance. In the first instance, Your Honor, it's really pretty unclear and vague as to what occurred. But nonetheless, in the second instance, Akal conducted an investigation, recommended that there be a 30-day suspension based upon its own policies and the way that it treated other CSOs. And then it provided that report to the marshal service, which came back and took the position that Melvin should be removed. Our position is, of course, the marshal service was aware of the fact that Ms. Marino had previously filed complaints. There was a bit of friction in that regard because it directly involved their decision to employ Akal. And if Akal determined that they were going to allow the marshal service to make that decision and contract it away, that doesn't relieve them of their federal obligations to comply with the statute. The issue of their contract with the marshal service could have been solved by a claim of the contract modification of some insurance as far as the issue of liability. But the pivotal question is, the Akal did not... Well, tell me what Akal should have done. Akal did not provide any rights under USERRA. For example, Akal did not examine or give him an opportunity to demonstrate that he should not have been terminated under the contract, notwithstanding the marshal's position. Well, but Akal signed a contract that if he didn't have credentials, he wasn't going to be employed. That was the obligation under the original contract of employment. And the employee was just aware of it, wasn't he? Your Honor, that deals with the issue that does not involve the question of USERRA. In this instance, we have the Congress having determined that after a military person has served in the military for a certain amount of time, he has rights that did not exist before he became a military member. And it's that focus that we think this Court should address. USERRA sets up very specific rights which are broader than what normally would exist for non-military members. Yeah, but this would focus this on the marshal's service. They're not a party. And they're not a party. The issue, Your Honor, is who should have made them a party. Who should have what? The issue is who should have made them a party. That was Akal's responsibility if they wanted to bring them in as a party to determine procedurally that they're not responsible for not having lived up to the requirements of the federal statute. No, the credential was forfeited, and you didn't bother to sue the marshal's service for forfeiting his credential. That's what caused the problem. The issue that we have is not a matter of suing the marshal's service for its decision in forfeiting the credentials. It's to sue the employer for not according him his statutory rights. Now, I understand that the Court is saying that not to accord him what you refer to as statutory rights. Were you talking about the employer should have given him other work? Is that it? No, Your Honor. Work other than court security work? No, USERRA requires that the employer cannot enter into a contract in which they agree to forfeit a benefit or right to the military member. That benefit or right includes, for example, a hearing or a due process with respect to his termination. Who should have held a hearing? USERRA was responsible for that, Your Honor, and they were responsible in our judgment not to have contracted or tried to restrict his rights under the statute. If the employer... So you're saying that ICAL security should have had a hearing? ICAL, Your Honor, should not have, should have complied with making a determination based upon just cause under the USERRA statute. Instead, they made a determination based upon their contractual relationship with the US government. Those are two separate things. Well, and the employee took subject to that agreement. Well, Your Honor, the statute specifically states that the employer cannot contract the way, or in this case, waive statutory rights that have been provided under the Veterans Rights Act. The act itself... Well, why did the veteran go get a credential in the first place? I think, Your Honor, as I say, he continued employment versus his employment before he became a veteran. They're two different issues. Why did he go get a credential after he came out of the service? It was not necessary for him to be credentialed after he came out of the service. He was employed by ICAL and initially credentialed as fully capable of working for ICAL at the time. After his military... You're saying now that the credential was not an element required of the employee? No, sir. He did not have to have a credential from the U.S. Marshal Service to serve as a CSO? No, sir. I'm saying... And he got it, and it was revoked. That's correct. And the party that revoked it is not a party to the case. That's correct, but that party... And that's the election you made when you filed. The statute requires, Your Honor, that we sue the employer who is responsible for denying him his rights. Our position... Who do you think is paying these CSOs that man the duty station right out here at the front door? I believe ICAL is, Your Honor. Is it ICAL's money, or is it the government's money? Well, ICAL does that under a contract that is voluntarily negotiated contract. This is all his outsourcing business, you know. But, look, you know, he... I don't think it's so terrible for him to drink near beer, but they didn't want him to do it. He came back from the six months active duty in the military. He was a master sergeant. That's a respected position. And he went back to do something that he knew was going to create problems for him, but he did it. Now, whether the marshal's service should have handled it differently, had I been there, if I was the marshal, I'd give him another break, talk to him again, maybe he's got a problem, and given him another chance. He just came back from six months active duty. But I think, as I recall the facts here, he drank the beer in the locker room and others saw it. And I'm sure it was known that he had a problem as far as that beverage is concerned. And, you know, the word spreads quickly in the courthouse, and I'm sure that the chief deputy knew about it, was upset. And the service that hired the sergeant was required to notify the marshal's service, which they did. And the marshal's service revoked his credentials. Without a hearing, your honor. But they're not here. Right, there was evidence that he was... If he had a claim against someone, he probably had it against the marshal's service. But he didn't assert it. So, anyway, you've got a bad situation. So your time's up. And we appreciate your argument. And you want to submit this matter? I can do that, thank you. Thank you, your honor. Thank you. Okay, we'll go to the next one. And Adam's Brothers Farming. Are they here? Didn't she say one was left? What'd you say? Didn't she say one was left? I'll wait and see if you have them. I can't hear you.
judges: Graham, Pregerson, Beezer